## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Barbara Hayne and Curtis Ingwerson, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.   11 C 2001 |
| | ) | |
| Razor Capital, LLC, a Minnesota limited | ) | |
| liability company, Budzik & Dynia, LLC, | ) | |
| an Illinois limited liability company and | ) | |
| Mercantile Adjustment Bureau, LLC, a | ) | |
| New York limited liability company, | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

### COMPLAINT

Plaintiffs, Barbara Hayne and Curtis Ingwerson, bring this action under the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that

Defendants' debt collection actions violated the FDCPA, and to recover damages for

Defendants' violations of the FDCPA, and allege:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) one Defendant is headquartered here, and all

Defendants reside and transact business here.

### PARTIES

3.      Plaintiff, Barbara Hayne ("Hayne"), is a citizen of the State of Iowa, from

whom Defendants attempted to collect a delinquent consumer debt owed for a Wells

Fargo account, which was then allegedly owed to a bad debt buyer, Razor Capital. These collection actions took place despite the fact that Ms. Hayne had told the Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Plaintiff, Curtis Ingwerson ("Ingwerson"), is a citizen of the State of Idaho, from whom Defendants attempted to collect a delinquent consumer debt owed for a Wells Fargo account, which was then allegedly owed to a bad debt buyer, Razor Capital.  These collection actions took place despite the fact that Mr. Ingwerson had told the Defendants that he refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's LASPD program.

5.      Defendant, Razor Capital, LLC ("Razor"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant Razor was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant Razor is a debt scavenger that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect through other debt collectors.

7.      Defendant, Budzik & Dynia, LLC ("Budzik"), is an Illinois limited liability company and law firm, headquartered in Chicago, Illinois, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the

telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. From Budzik's headquarters in Chicago, Illinois, Budzik collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

8. Defendant, Mercantile Adjustment Bureau, LLC ("Mercantile"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Mercantile collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

9. All of the Defendants are authorized to conduct business in Illinois and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, all of the Defendants conduct business in Illinois.

10. Moreover, Defendants Razor and Mercantile are each licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants Razor and Mercantile both act as debt collectors in Illinois.

## FACTUAL ALLEGATIONS

### Ms. Barbara Hayne

11. Ms. Hayne is a disabled widow, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Wells Fargo account. At some point in time after that debt became delinquent, Defendant Razor bought Ms. Hayne's Wells Fargo debt. When Defendant Razor began trying to collect this debt from her, by having another debt collector, Central Portfolio Control, ("CPC"), demand

payment of the debt from her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

12.     Accordingly, on March 13, 2010, one of Ms. Hayne's attorneys at LASPD informed Defendant Razor through its agent, CPC, in writing, that Ms. Hayne was represented by counsel, and directed Defendant Razor to cease contacting her, and to cease all further collection activities because Ms. Hayne was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

13.     Nonetheless, despite being advised that Ms. Hayne was represented by counsel and refused to pay the debt, Defendant Razor hired Defendant Budzik, who sent Ms. Hayne a collection letter, dated July 28, 2010, which demanded payment of the Wells Fargo debt.  A copy of this collection letter is attached as Exhibit D.

14.     Accordingly, on November 30, 2010, Ms. Hayne's attorneys at LASPD had to inform Defendants Razor and Budzik again, that they must cease collections and cease communications.  Copies of this letter and fax confirmation are attached as Exhibit E.

15.     Undeterred, Defendant Razor then had Defendant Mercantile send Ms. Hayne a collection letter, dated January 5, 2011, which demanded payment of the Wells Fargo debt.  A copy of this collection letter is attached as Exhibit F.

16.     Accordingly, on February 15, 2011, Ms. Hayne's attorneys at LASPD had to inform Defendants Razor and Mercantile yet again that they must cease collections and cease communications.  Copies of this letter and fax confirmation are attached as

4

Exhibit G.

**Mr. Curtis Ingwerson**

17.     Mr. Ingwerson is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Wells Fargo account. At some point in time after that debt became delinquent, Defendant Razor bought Mr. Ingwerson's Wells Fargo debt.  When Defendant Razor began trying to collect this debt from him, by having CPC demand payment from him, Mr. Ingwerson sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

18.     Accordingly, on March 15, 2010, one of Mr. Ingwerson's attorneys at LASPD informed Defendant Razor, in writing, through its agent, CPC, that Mr. Ingwerson was represented by counsel, and directed Defendant Razor to cease contacting him, and to cease all further collection activities because Mr. Ingwerson was forced, by his financial circumstances, to refuse to pay his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit H.

19.     Nonetheless, despite being advised that Mr. Ingwerson was represented by counsel and refused to pay the debt, Defendant Razor hired Defendant Budzik to demand payment of the Wells Fargo debt.

20.     Accordingly, on October 23, 2010, Mr. Ingwerson's attorneys at LASPD had to inform Defendants Razor and Budzik again that they must cease collections and cease communications.  Copies of this letter and fax confirmation are attached as Exhibit I.

21.     Undeterred, Defendant Razor then had Defendant Mercantile send Mr.

Ingwerson collection letters, dated January 5, 2011 and January 6, 2011, which demanded payment of the Wells Fargo debt. Copies of these collection letters are attached as Group Exhibit J.

22. Accordingly, on February 15, 2011, Mr. Ingwerson's attorneys at LASPD had to inform Defendants Razor and Mercantile again that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit K.

23. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

24. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

25. Plaintiffs adopt and reallege ¶¶ 1-24.

26. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

27. Here, the letters from Ms. Hayne's and Mr. Ingwerson's agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding these debts and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

28.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

29.     Plaintiffs adopt and reallege ¶¶ 1-24.

30.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

31.     Defendants knew, or readily could have known, that Ms. Hayne and Mr. Ingwerson were represented by counsel in connection with their debts because their attorneys at LASPD had informed Defendants, in writing, that Ms. Hayne and Mr. Ingwerson were represented by counsel, and had demanded a cessation of communications with Ms. Hayne and Mr. Ingwerson.  By directly sending Ms. Hayne and Mr. Ingwerson collection letters, despite being advised that they were represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

32.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiffs, Barbara Hayne and Curtis Ingwerson, pray that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiffs Hayne and Ingwerson, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided

7

by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiffs, Barbara Hayne and Curtis Ingwerson, demand trial by jury.

Barbara Hayne and Curtis Ingwerson,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  March 23, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com